# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL K. BROWN,**

    Plaintiff,

  v.                                          Case No. 18-CV-1653

**KURT PICKNELL,**
**KEVIN WILLIAMS,**
**JOHN DELANEY,**
**J. S. SAWYERS,**
**S. SAX,**
**SGT. SAULTELL,**
**SGT. CRAIG,**
**CO BARDECKI,**
**CO SCHMIDT, AND**
**CO PHILLIPS,**

    Defendants.

## SCREENING ORDER

Plaintiff Michael K. Brown, who is representing himself, is confined at the Walworth County Jail. On December 6, 2018, Chief Judge William C. Griesbach ordered Brown to sign the complaint if he wanted to proceed. (ECF No. 15.) In the same order Judge Griesbach dismissed plaintiffs William R. Skotzke and Robert J. Leathers for failure to prosecute. Brown filed a signature page on December 17, 2018. Thus, the court will screen the complaint and resolve Brown's motion for leave to proceed without prepaying the filing fee.

**1. Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act applies to this case because Brown was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow him to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On November 9, 2018, the court ordered Brown to pay an initial partial filing fee of $65.68. He paid that fee on November 20, 2018. Therefore, the court will grant Brown's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**2. Screening Brown's Complaint**

*2.1   Federal Screening Standard*

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 2.2 Brown's Allegations

Brown alleges that he has been subjected to hazardous conditions at the Walworth County Jail. He states that his "living area, eating area, sleeping quarters, and bathing/shower area [ ] contain mold, mildew, moss on the walls, dead flies, bugs, overhead dirt in the eating area, the ventilation system, overhead lighting and ceiling tiles, at times falling onto the tables and food trays." (ECF No. 1 at 2-3.) Brown states that he (and the former plaintiffs) asked the defendants to address these issues so as not to be exposed to "harmful agents[.]" (*Id.* at 3.) The defendants "blatantly neglected their duty and responsibilities to not only [Brown] but also to their own policies and procedure as to the general cleanliness, safeguarding & hygienic details of the

3

facility" and they "failed in their capacity to maintain a clean and humane environment as required by law and written policy." (*Id.* at 3-4.)

For relief, Brown wants the defendants to "clean and repair all issues" noted above, He also wants a policy that requires stricter adherence to cleaning and maintenance of living quarters. Brown also seeks $4.5 million in compensatory damages.

*2.3  Analysis*

Given that he is in a county jail, the court presumes Brown is a pretrial detainee. The Due Process Clause of the Fourteenth Amendment governs claims for unconstitutional conditions of confinement brought by pretrial detainees. *See Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The Court of Appeals for the Seventh Circuit generally applies the same standards to claims arising under the Fourteenth Amendment (pretrial detainees) and Eighth Amendment (convicted prisoners). *See Smith*, 803 F.3d at 309-10; *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008).

Under the Eighth Amendment, two elements are required to establish a constitutional violation for a conditions of confinement claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Id.* at 834. The second

requirement is a subjective element—establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Id.* at 837, 842. To satisfy this element, a plaintiff must show that "the defendant 'possess[ed] a purposeful, a knowing, or possibly a reckless state of mind' with respect to the defendant's actions (or inaction) toward the plaintiff." *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015)).

Brown's allegations that there was mold, mildew, and moss in his living area, sleeping area, and eating area, and that overhead dirt, dead flies and bugs sometimes fall onto food tables and trays may amount to an objectively serious lack of basic sanitation at the jail. While prisoners cannot expect the "amenities, conveniences, and services of a good hotel," *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988), prisoners are entitled to shelter, which includes, among other things, reasonably adequate sanitation. *See Farmer*, 511 U.S. at 832-34; *see also Gillis v. Litscher*, 468 F.3d 488, 492 (7th Cir. 2006); *Board v. Farnham*, 394 F.3d 469, 486-87 (7th Cir. 2005). Brown does not allege that he suffered any specific harm from the conditions, but that does not necessarily foreclose his claim. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, and nature of the risk, and susceptibility of the inmate, conditions of confinement may violate the Eighth Amendment if they caused physical, psychological, or probabilistic harm).

And Brown's allegation that he complained to the defendants and that they did not fix the problems suggests that they knowingly allowed the problems to persist,

5

thus subjecting him to an excessive risk to his health. Therefore, at this stage, Brown may proceed on a claim that the defendants subjected him to unconstitutional conditions of confinement.

## ORDER

**THEREFORE, IT IS ORDERED** that Brown's motion for leave to proceed without prepaying the filing fee (*in forma pauperis*) (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. Brown is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give Brown information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $284.32 balance of the filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income credited to Brown's trust account and

forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brown is transferred to another institution (county, state, or federal), the transferring institution shall forward a copy of this Order along with Brown's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where Brown is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that Brown shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, Brown need not mail copies to the defendants. All defendants will be served electronically

through the court's electronic case filing system. Brown should also retain a personal copy of each document filed with the court.

Brown is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 9th day of January, 2019.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge