# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL K. BROWN,**

    Plaintiff,

  v.                                            Case No. 18-CV-1653

**KURT PICKNELL, et al.,**

    Defendants.

## ORDER

Plaintiff Michael K. Brown, who is confined at the Redgranite Correctional Institution, filed this *pro se* civil rights case under 42 U.S.C. § 1983 alleging that the defendants violated his rights when he was confined at the Walworth County Jail. Brown has filed a motion to amend the complaint along with a proposed amended complaint. (ECF Nos. 34, 34-1.) The court will deny Brown's motion to amend because his proposed amended complaint attempts to bring unrelated claims against a new defendant. If Brown wants to pursue these new claims, he must file a new lawsuit.

### 1. Brown's Original Complaint and the Court's Screening Order

In his original complaint Brown alleged that the defendants subjected him to hazardous and unsanitary conditions at the Walworth County Jail. He alleged that there was mold, mildew, and moss in his living area, sleeping area, and eating area, and that overhead dirt, dead flies and bugs sometimes fell onto food tables and trays. Brown also alleged that he complained to the defendants, who did not fix the

problems. The court allowed Brown to proceed on a claim under the Fourteenth Amendment based on alleged unconstitutional conditions of confinement at the jail.

2. **Brown's Motion to Amend the Complaint and Proposed Amended Complaint**

In his motion to amend Brown simply refers to the attached proposed amended complaint. The proposed amended complaint appears to be a photocopy of the original complaint with one page inserted. The inserted page contains the heading "Amendment complaint" and alleges that Correctional Officer Charles Englert sexually assaulted Brown more than once at the Walworth County Jail. (ECF No. 34-1 at 5.) Brown also alleges that his attempts to file a formal PREA (Prison Rape Elimination Act) complaint were delayed because he did not have the correct information about which entity would be handling his complaint. Brown states that Officer Englert has a long history of complaints and abnormal predatory behavior toward inmates. He also states that Walworth County knowingly employed Officer Englert despite his predatory nature.

3. **Discussion**

A party may amend his pleading once as a matter of course within twenty-one days after service of a responsive pleading, Fed. R. Civ. P. 15(a)(1)(B), unless it would amount to a futility. *See Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) ("district court need not allow the filing of an amended complaint, even when no responsive pleading has been filed, if it is clear that the proposed amended complaint is deficient and would not survive a motion to dismiss"). The defendants filed an answer to the

complaint on April 5, 2019. Since Brown was served with the answer by U.S. Mail, the court adds three days to the twenty-one-day period. *See* Fed. R. Civ. P. 6(d). Brown timely filed his motion to amend on April 29, 2019, and the court must accept it unless it would amount to a futility.

Additionally, because Brown is a prisoner, his proposed amended complaint is subject to review under 28 U.S.C. § 1915A. That law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Brown may not proceed on his proposed amended complaint because it attempts to improperly bring unrelated claims in a single case. Under Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly,

severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Brown's proposed amended complaint violates Rules 18 and 20 insofar as it advances new claims unrelated to the conditions of confinement claim in the original complaint. Therefore, the court will deny Brown's motion to amend the complaint. Brown may file a new case if he wants to pursue his claim against Officer Englert. The court will mail Brown a prisoner complaint form along with this order.

**THEREFORE, IT IS ORDERED** that Brown's motion to amend complaint (ECF No. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Brown a prisoner complaint form along with this order.

Dated at Milwaukee, Wisconsin this 21st day of May, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge