# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL K. BROWN,**

    Plaintiff,

  **v.**                                                                 **Case No. 18-CV-1653**

**KURT PICKNELL,** *et al.***,**

    Defendants.

## ORDER

Plaintiff Michael K. Brown is a Wisconsin state prisoner representing himself. He is proceeding on a claim that the defendants subjected him to unconstitutional conditions of confinement when he was confined at the Walworth County Jail. (ECF No. 16.) Brown has filed a motion objecting to the defendants' discovery requests. (ECF No. 41.) The defendants have filed a motion to compel medical authorizations and to amend the scheduling order. (ECF No. 42.) On August 29, 2019, the court held a telephonic hearing to address the motions.

In his motion objecting to the defendants' discovery requests, Brown states that the defendants asked him to turn over "any and all medical records not limited to MRI's, CT Scans, EKG's, EEG's, Social History, Employment Information, School Records, Alcohol or Drug Abuse Treatment Records, HIV Testing and or Treatment, Psychiatric Evaluations, any and all Insurance Documents" and that they requested him to sign five blank medical authorization forms. (ECF No. 41 at 2.) Brown contends that the

defendants' requests are beyond the scope and limits for discovery requests and that they are premature because no Rule 26(f) conference has been held.

The defendants filed a joint response to Brown's motion/motion to compel. (ECF No. 42.) They move for an order compelling Brown's disclosure of his medical records because Brown failed to provide written requests to authorize release of medical records. The defendants contend that, to properly defend the complaint's allegations, they need access to his medical records to evaluate and assess the nature, extent, and credibility of his claimed injuries and damages, to determine whether an independent medical examination and/or other expert witnesses are necessary, as well as to address some of the related medical-legal issues associated with the claim.

The defendants state that on April 30, 2019, they sent Brown medical authorization forms and requested his consent to obtain records from the Walworth County Jail (where the incidents giving rise to Brown's claim arose) and the Redgranite Correctional Institution (where Brown is incarcerated now). The defendants also included five blank authorization forms for other providers who have treated Brown in the last ten years. The defendants sent a second request on May 29, 2019, and two weeks later they received a letter from Brown requesting more information regarding the purpose of the requests. In response, the defendants sent Brown a third request regarding the authorizations and explaining that his medical records are relevant to his claim that he was subjected to harmful conditions at the Walworth County Jail.

As an initial matter, this case is exempt from initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B)(iv) because Brown is a *pro se* prisoner. *See* Fed. R. Civ. P. 26(f)(1). This case is also exempt from a scheduling conference. *See id.* Instead of

holding a scheduling conference, on April 8, 2019, the court issued a scheduling order (ECF No. 31) and on July 21, 2019, the court extended the deadlines set forth in the scheduling order (ECF No. 40). Thus, the defendants' discovery requests are not premature.

Under Federal Rule of Civil Procedure 26(b)(1), parties are permitted to obtain discovery "regarding any nonprivileged matter that is relevant to any party's clam or defense and proportional to the needs of the case[.]" Although a plaintiff may have a constitutional interest in protecting the confidentiality of his medical records, such an interest is waived when he files suit against defendants alleging claims that place his medical condition at issue. *See Ammons v. Gerlinger*, No. 06-C-20-C, 2007 WL 5659413, at *2 (W.D. Wis. Mar. 12, 2007). Further, "there is no federal common law physician-patient privilege." *Id.*

According to Brown, his claims relate to the defendants' deliberate indifference to his *future* health risks associated with the uncleanliness and hazardous conditions at the Walworth County Jail, where he was confined for roughly six months. Brown stated that he does not have any current physical injury from his confinement at the jail, but that he did suffer psychological harm. Thus, the defendants should be allowed to obtain Brown's medical records relating to his psychological history.

Based on the above discussion, the court will grant Brown's motion objecting to defendants' discovery request and deny the defendants' motion to compel. However, Brown is advised that the court has determined that medical records relating to his psychological condition are relevant to his claim in this case. Thus, if the defendants submit revised medical authorizations to him that are limited to that issue, such requests

for information are relevant and within the proper scope of discovery. Brown is also advised that the parties should try to complete discovery without the court's involvement. This means that, if the defendants' attorney sends Brown medical authorizations limited to his medical records relating to his psychological condition, Brown may sign them and return them directly to counsel for the defendants.

Finally, the court will grant the defendants' motion to amend the scheduling order. As requested, the new deadline for the completion of discovery is November 15, 2019, and the new deadline for filing dispositive motions is December 13, 2019.

**THEREFORE, IT IS ORDERED** that Brown's motion objecting to defendants' discovery request (ECF No. 41) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants' motion to compel medical authorizations (ECF No. 42) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to amend the scheduling order (ECF No. 42) is **GRANTED**. The new deadline for the completion of discovery is **November 15, 2019,** and the new deadline for filing dispositive motions is **December 13, 2019**.

Dated at Milwaukee, Wisconsin this 29th day of August, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge