# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL K. BROWN,**

    Plaintiff,

  v.                                              **Case No. 18-CV-1653**

**KURT PICKNELL, et al.,**

    Defendants.

## ORDER

Plaintiff Michael K. Brown is a Wisconsin state prisoner representing himself. He is proceeding on a claim that the defendants subjected him to unconstitutional conditions of confinement when he was confined at the Walworth County Jail. (ECF No. 16.) Brown has filed a motion to compel discovery (ECF No. 49) and a request to have his Walworth County criminal case heard in federal court (ECF No. 53).

In his motion to compel, Brown states that the defendants have not responded to his discovery requests and he seeks an order compelling them to disclose discovery materials related to all grievances, complaints, and/or appeals regarding the conditions in the Walworth County Jail. Brown states that he submitted discovery requests to the defendants on June 10, August 29, and September 19, 2019, and that as of October 8, 2019, they had not responded to the requests. Brown also states that the defendants have continued to request discovery from him that is beyond the scope

of what the court ordered at the August 29, 2019 hearing, where the court limited the defendants' discovery of Brown's medical records to his psychological medical records.

In response to Brown's motion to compel, the defendants contend that his motion is moot because they have now responded to all discovery requests. (ECF No. 50 at 2.) They also contend that the court should deny the motion because Brown did not attempt in good faith to confer with them before filing his motion. Lastly, the defendants explain that on October 2, 2019, they mistakenly sent Brown a copy of the original medical authorization request. They subsequently mailed Brown a revised request seeking only records pertaining to his psychological care, which Brown has since executed.

Brown's motion to compel is subject to dismissal because he did not include a certification that he conferred with the defendants before filing his motion to obtain the discovery without court action. *See* Fed. R. Civ. P. 37(a)(1). In any event, it appears that the defendants have now responded to all of Brown's discovery requests. And the defendants have addressed Brown's concern related to the medical authorization.

On November 4, 2019, Brown filed a letter requesting that his Walworth County criminal case be held in federal court. (ECF No. 53.) This court does not have jurisdiction over Brown's state criminal case, including where court proceedings in that case are held. As such, it will deny his request.

**THEREFORE, IT IS ORDERED** that Brown's motion to compel (ECF No. 49) is **DENIED**.

**IT IS FURTHER ORDERED** that Brown's motion for consideration to have his Walworth County case heard in federal court (ECF No. 53) is **DENIED**.

Dated at Milwaukee, Wisconsin this 7th day of November, 2019.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge