# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

MICHAEL K. BROWN,

    Plaintiff,

v.                                                                         Case No. 18-CV-1653

KURT PICKNELL, KEVIN WILLIAMS,
JOHN DELANEY, J. S. SAWYERS,
S. SAX, SGT. SAULTELL,
SGT. CRAIG, CO BARDECKI,
CO SCHMIDT, and CO PHILLIPS,

    Defendants.

---

## ORDER

---

Plaintiff Michael K. Brown is a Wisconsin state prisoner representing himself. He is proceeding on a claim that the defendants subjected him to unconstitutional conditions of confinement when he was confined at the Walworth County Jail. (ECF No. 16.) Brown has filed a motion for sanctions and a motion to stay summary judgment until completion of discovery. (ECF Nos. 57, 70.)

Brown's motion for sanctions is based upon the defendants' failure to answer and respond to his interrogatories and request for admissions. (ECF No. 57 at 1.) Brown says that he attempted to obtain "appeals and grievances of all parties named in the original complaint" and that the defendants objected to the request. (*Id.*) He states that he sent another request for this information on December 2, 2019, but received no reply. (*Id.*) Next, Brown says that he requested "any and all grievances

and/or complaints pertaining to 'conditions' in the Walworth County Jail as to the general cleanliness, safeguarding and hygienic detail of the facility" on August 29, 2019, and that the defendants objected to this request. (*Id.* at 1-2.) Brown states that on December 5, 2019, he sent a revised request for the same information but did not receive a reply. (*Id.* at 2.) He says that on December 12, 2019, he sent requests for admissions to the defendants and the response was "evasive and incomplete in violation of Fed. R. Civ. Proc., 37(a)(4)." (*Id.*) Brown also states that on August 29, 2019, he requested all of his appeals and grievances, and that defendants provided him with partial documents in that they failed to send him request #404468. (*Id.*)

Brown asserts that the defendants continue to exhibit and display behavior that is recalcitrant and obstructive to the discovery process. (ECF No. 57 at 1.) He requests that the court enter default judgment against the defendants as a sanction for their violation of the court's discovery orders. (*Id.* at 2-3.)

The defendants respond that Brown did not meet and confer with them prior to filing his motion for sanctions, as the court's local rules require, and further that they have responded to all of his discovery requests. (ECF No. 66 at 5-6.) The defendants state that they responded to Brown's August 30, 2019 discovery request on October 10, 2019; to his September 3, 2019 discovery request on October 10, 2019; to his September 23, 2019 discovery request on October 29, 2019; to his December 13, 2019 discovery request and to his December 5, 2019 letter requesting discovery materials on January 24, 2020; and to his December 18, 2019 request for admissions on January 17, 2020. (*Id.* at 4.)

The defendants also state that they mistakenly overlooked Brown's December 2, 2019 request for "discovery material" and sent him a response to that request on February 13, 2020. (ECF No. 66 at 5-6.) Finally, the defendants explain that on January 27, 2020, they learned that grievance #40468 had been inadvertently excluded from their previous discovery disclosures, and on January 29, 2020, they sent Brown a copy of the grievance as a supplement to their discovery responses. (*Id.*)

The court has previously advised Brown that he needs to consult with the defendants before filing a motion to compel discovery. (ECF No. 54 at 2.) The discovery deadline was January 6, 2020. However, given Brown's *pro se* status, the court will allow him thirty days in which to file a motion to compel, if needed. Brown is reminded that, before he files a motion to compel, he must include a certification that he has conferred with the defendants in an attempt to resolve any dispute relating to his requests for information. *See* Fed. R. Civ. P. 37(a)(1). To meet this requirement, Brown must simply write to the defendants, describing which of their discovery responses he believes are unresponsive and/or incomplete. Brown is required to try to resolve his discovery issues with the defendants before filing a motion to compel.

Finally, Brown has filed a motion to deny the defendants' motion for summary judgment or stay the deadline for his response to the motion until the completion of discovery. (ECF No. 70.) The court will stay Brown's deadline to respond to the defendants' motion for summary judgment.

**THEREFORE, IT IS ORDERED** that Brown's motion for sanctions (ECF No. 57) is **DENIED**.

**IT IS FURTHER ORDERED** that Brown may file a motion to compel discovery within thirty days of the date of this order.

**IT IS FURTHER ORDERED** that Brown's motion to stay summary judgment until completion of discovery (ECF No. 70) is **GRANTED**. The court will set a deadline for Brown to respond to the defendants' motion for summary judgment in a subsequent order.

Dated at Milwaukee, Wisconsin this 20th day of March, 2020.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge